## Legality of Regulations for Boilers and Unfired Pressure Vessels

PACKEL, Attorney General, March 25, 1974.—
You have requested a formal opinion concerning section 5 of the Boiler Law of May 2, 1929, P. L. 513, as amended, 35 PS §1301, et seq. Specifically, you asked whether items 4 and 7 of part II, Administration of the Regulations for Boilers and Unfired Pressure Vessels, promulgated pursuant to the above-cited act, are lawful. This answer will deal with items 4 and 7 separately.

I.

Item 4 of Part II, Administration of the Regulations, promulgated pursuant to the Boiler Law, reads, in part, as follows:

"An applicant for examination shall be a citizen of the United States."

It is our opinion, and you are so advised, that this requirement is to be considered unconstitutional and unenforceable, insofar as it prohibits otherwise qualified resident aliens from becoming applicants for the Examination for Certificate of Competency and Commission as Inspector of Boilers. This provision should be treated administratively as violative of the equal protection clause of the fourteenth amendment of the Constitution, as explained infra, and not be enforced.

In the case of Graham v. Richardson, 403 U. S. 365 (1971), the Supreme Court held that the fourteenth amendment forbids a statutory classification based on alienage unless the discrimination can be

justified as necessary to achieve an essential governmental interest.

Cases that have followed Graham and further explained its terms have consistently upheld this basic premise. Additionally, previous opinions of the Attorney General (Nos. 92, 113, 114, 116 of 1972 and No. 4 of 1973) have interpreted similar provisions of law to be violative of the fourteenth amendment and, therefore, unenforceable.

One of the cases to follow Graham is Sugarman v. Dougall, 413 U. S. 634 (1973). In Sugarman, the Supreme Court found a New York civil service statute prohibiting all aliens from holding a permanent position in the competitive class of the State civil service a violation of the fourteenth amendment. The court acknowledged that a State has a substantial interest in having an employe of undivided loyalty in a position involving the formulation and execution of important State policy. However, the restriction, as it applied to clerical and office workers as examples of nonpolicy positions, was not supported by a substantial State interest and fell before the equal protection requirements of the Constitution as an unwarranted discrimination based on alienage.

We can see no substantial governmental interest to be protected by requiring applicants for the examination to be United States citizens. Boiler inspection is not a policymaking position and does not require that degree of loyalty and detailed familiarity with American culture which would justify the requirement of citizenship for all applicants.

Moreover, there is no similar requirement of citizenship in either the Boiler Law or the regulations for those inspectors who receive reciprocal certification when qualified by a test in another State. This addi-

tional unequal treatment, a type also present in Sugarman, mandates that the regulations be altered.

You are, therefore, advised to consider the citizenship requirement of item 4 of part II of the Regulations as unconstitutional and to see that it is no longer enforced.

## II.

Section 5 of the Boiler Law of May 2, 1929, 35 PS §1305, requires inspectors to pass a written examination, except that:

". . . reciprocal certificates of competency may be issued to inspectors qualified in other states, administering examinations of equal standards . . . under such conditions as may be set forth in rules and regulations of the department."

You have asked whether item 7 of the regulations cited above is commensurate with the qualifications and restrictions of section 5. Item 7 reads as follows:

"A reciprocal commission may be granted by the Industrial Board to a duly qualified boiler inspector in the employ of any state or an insurance company licensed to insure boilers and unfired pressure vessels in the Commonwealth, provided such inspector has passed a written examination in a State administering examinations which, in the opinion of the Industrial Board, are of equal standards, both procedurally and substantively."

It is our opinion, and you are so advised, that item 7 does not conform to the clear terms of section 5; it conflicts directly with the conditions for reciprocal certification, and should no longer be applied.

The law empowers the department to grant reciprocal certificates to a well-defined group of qualified inspectors. However, the regulations purport to add the

additional restrictions of employment by a sister State or by a locally licensed insurance company. Neither of these conditions is consistent with the terms of the statute. Moreover, neither of them is related to the intent of the act, which is to have qualified inspectors, as determined by the act, conduct inspections in Pennsylvania. There is no inherent guarantee of competence merely because an otherwise qualified inspector works for a State government or for an insurance company licensed in Pennsylvania.

The additional conditions which the department may, by regulation, promulgate, are for the purpose of filling gaps in or explaining the legislation and are not meant to create conditions unrelated to or inconsistent with the express intent of the legislature: Lancaster Transportation Company v. Pennsylvania Public Utility Commission, 169 Pa. Superior Ct. 284, 82 A. 2d 291 (1951).

Therefore, as indicated above, these restrictions are not authorized by section 5 of the Boiler Law and are not to be applied.